UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
NOV 19 2009
Clerk, U.S. District and
Bankruptcy Courts

Pedro Dehoyos-Martinez, )
)
Plaintiff, )
)
v. ) Civil Action No. **09 2186**
)
Department of Justice Bureau of Prisons )
)
Defendant. )

## MEMORANDUM OPINION

This matter is before the court on the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application to proceed *in forma pauperis* will be granted and the complaint will be dismissed for lack of subject matter jurisdiction.

The complaint seeks $5 million in damages under the Privacy Act, *see* Complaint at 1, 5, and alleges that the plaintiff has suffered many adverse determinations because inaccurate information is maintained in his Inmate Central File, *id.* at 3, ¶ 7; *id.* at 4, ¶ 13. The Federal Bureau of Prisons has lawfully exempted the Inmate Central Record System from 5 U.S.C. § 552(a)(g), the Privacy Act's provision permitting suit. *See* 28 C.F.R. § 16.97(a)(4) (exempting the Inmate Central Record System from the provisions of 5 U.S.C. § 552a(g), among other provisions of the Privacy Act). Because an individual's Inmate Central File is part of the Bureau of Prisons' Inmate Central Record System, there can be no suit against the Federal Bureau of Prisons for errors in records maintained in an individual's Inmate Central File. *See Jennings v. Federal Bureau of Prisons*, --- F. Supp. 2d ---, 2009 WL 3069729, *5-6 (D.D.C. Sept. 25, 2009); *Brown v. Bureau of Prisons*, 498 F. Supp. 2d 298, 302-03 (D.D.C. 2007). Therefore, this complaint does not identify a cause of action arising under federal law and this court has no

subject matter jurisdiction over this complaint. *See* 28 U.S.C. § 1331. Accordingly, this complaint must be dismissed.

    A separate order accompanies this memorandum opinion.

Date: 10/29/09

                                       United States District Judge